MOTION TO DISMISS

CASE 07-20909

Tom Tiberii, Jon Cohen and Ted Goldsmith vs. Mark McClure

Date: 10/24//07

Defendant, Mark McClure, is seeking a motion to dismiss the involuntary bankruptcy brought forth by Plaintiffs Jon Cohen, Ted Goldsmith, and Tom Tiberii on the grounds that the claims are disputable and that it does not belong in bankruptcy.

FACTUAL BACKGROUND

Defendant Jon Cohen lent me (Mark McClure) and a partner $20,000 in 1995. During the following 5 months we paid more than $5,000 on this note in the form of cash, bringing the debt to $15,000. In fall of 1995 or there about's defendant Jon Cohen and I became partners in the Pavilion, a Portland, Maine banquet and nightclub facility. I received bi-weekly checks in the net amount (after taxes) of about $950.00. These checks went to Jon Cohen as payment on my loan. Mr. Cohen received 10 of these resulting in $9,500. On this $20,000 note (plus interest), Mr. Cohen had, up to this point, received roughly $14,500 in cash and checks from myself and Patrick Tinsman.

After selling my interest in the Pavilion, Patrick Tinsman and I fell behind on the payments and subsequently Mr. Cohen filed suits against us both individually in the amount of $14,800, stating that that was what he was owed. Mr. Tinsman went ahead and settled with Mr. Cohen for $7,000, bringing the total to now owed of $7,800.

However, Mr. Cohen received a judgment from the court in the amount of $14,800 against me due to the fact that I was not able to attend as I was now living in Atlanta. Mr. Cohen failed to tell the court that he had been paid the $7,000 from Mr. Tinsman, did not deduct it from the lawsuit and in the end, was able to secure this $14,800 judgment through fraud and misrepresentation to the court. Not knowing this, over the ensuing 12

years I have paid Mr. Cohen another $5,000 from the sale of my home in Westbrook, Maine but to no avail it has grown to $42,500+/- through interest and attorney fees due to his misrepresentation to the court. Therefore, I ask the court that this petition for involuntary bankruptcy bbe dismissed on the grounds that Mr. Cohen lied and misrepresented the amounts owed in the original judgment of $14,800 against me. The fact remains is it should have been $7,800 based on the $7,000 settlement Tinsman paid against it.

The defendants claim that I have transferred title to two condominiums in Portland, Maine. These condominiums were financed and paid for 100% for by my wife, Paula Wallem. At NO TIME did I lend money or procure financing on these transactions, and my name was only put on these titles in the beginning due to the fact that she had gotten her Green Card (she is from Argentina) and wanted to have my American citizenship on the title. After she was assured that that was not needed, my name was taken off the titles. Paula Wallem financed these transactions on her good name and good credit, put the money down on her own, and owns these properties 100%. I have zero rights or claims to these assets and therefore she is within her rights to borrow against them, sell or rent them as she sees fit. However, due to the real estate market as it stands today and the amount she borrowed for the acquisitions, there is minimal equity in the properties, so the defendants plan to sell these assets that are not even mine, with minimal to zero equity attached to them as stated in their bankruptcy petition is absurd.

My wife, however, stated to me that she would sell the real estate and give the defendants whatever equity came from the sale, but the defendants stated they were not interested. This furthered our belief that they wanted to go to bankruptcy court not to get their funds, but to embarrass and slander both our good names. We sent another email stating that we would put in writing that any and all proceeds from the sale, over and above what was owed to the bank would go them. They rejected that as well. At this point, with their desire not to accept any payments from me, it is painfully obvious they only want the bankruptcy court as a tool to punish and vindication, nothing more.

The defendants further allege that I have other assets due to a website that states I own or control $12.2 million in real estate along with other assets, etc. At NO TIME have I owned or had ANY OWNERSHIP in any assets as depicted on the website. Those statements were made in advance of deals that I thought were going to close or go through but subsequently did not.

Due to the stroke of my father a year and half ago, we moved back to Maine to be close and assist my mother. I have since ceased working in the speaking business to focus solely on being there for my immediate family. I have made several overtures to work out payment plans in the past, and the defendant Jon Cohen has explicitly stated to numerous people that *"now that McClure is back and isn't working, this is a great opportunity to get back and him and prove a point"*. This statement from Jon Cohen has been told to me by more one person. This is not about money to him, as he has already received more than $29,000 from the $20,000 lent through a judgment he received through fraud and misrepresentation, this is now about petty revenge.

Ted Goldsmith has received two qualifying, good faith offers of settlement but he too has rejected them. Mr. Goldsmith's claim is also in dispute due in fact that the final amount owed to him in 1996 was $4,000, an amount we both agreed to in writing of which the defendants have a copy.

Tom Tiberii's judgment was for $2,800 plus court costs, not the figure he has represented to the court, even with interest.

An involuntary bankruptcy case is supposed to be brought against those that are hiding assets or not paying their bills. All of our bills are current and all assets of mine are accounted for. Nothing has changed from the information I gave the defendants at the disclosure hearings, which I gave under oath. Bringing this case to bankruptcy court based on zero facts, hearsay and a website use for marketing purposes is not only a waste of time and money for the court, but a needless stab at mine and my wife's good name. My wife has offered to sell her real estate to pay down these debts but the Plaintiffs have

refused, seeking the bankruptcy court as a tool for revenge and vindication, not the settlement of the alleged debt. Based on the facts presented, with strong emphasis on the fact that one of the judgments (Jon Cohen) was procured through misrepresentation to the court, I ask that this involuntary petition be dismissed.



Mark McClure